# ANNIE T. LEWIS

*vs.*

# WILLIAM T. LEWIS.

*Husband and Wife—Gift—Reformation of Deed.*

A wife, by the use of her money in the purchase of property to be conveyed to her and her husband as tenants by the entirety, may make an effective gift to her husband, which will not be set aside if it is free from any fraud or undue influence.　　p. 527

In a suit to secure the reformation of a conveyance, made to plaintiff and her husband as tenants by the entirety by a trustee acting under a decree, so as to vest the title in the plaintiff exclusively, *held* that the proof failed to substantiate plaintiff's alternative charges of fraud or mistake in reference to the deed sought to be reformed.　　pp. 527, 528

*Decided March 2nd, 1922.*

Appeal from the Circuit Court for Montgomery County, In Equity (PETER, J.).

Bill by Annie T. Lewis against William T. Lewis to reform a deed. From a decree for defendant, plaintiff appeals. Affirmed.

The cause was submitted on briefs to BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*R. E. Lee Smith,* for the appellant.

*Dawson & Dawson,* for the appellee.

URNER, J., delivered the opinion of the Court.

A deed to the appellant and appellee as tenants by the entirety is sought to be reformed, so as to vest the title in the appellant exclusively. The property conveyed by the deed consists of about five acres of improved land in Montgomery County. It is alleged by the appellant that she furnished the whole of the purchase price of $2,500, paid for the property, and that she intended to acquire it for herself individually, but that through the fraud of her husband, or the misapprehension of the grantor, the deed was made to herself and husband as tenants by the entirety. The conveyance was by a trustee acting under a decree in proceedings for the sale of the property and division of the proceeds among the heirs of a prior owner. The only witnesses who testified as to the circumstances of the purchase and conveyance were the wife who desires, and the husband who opposes, the reformation of the deed, the trustee who made the sale, and who prepared and executed the deed, having since died.

It is an undisputed fact that the appellant, unaccompanied by her husband, attended the trustee's sale, made the successful bid for the property, and signed an acknowledgment of purchase in which herself and husband are both named as vendees. The paper thus executed was typewritten, except as to the names of the purchasers, which were inserted with a pencil in a blank space provided for the purpose. Under the appellant's signature, which she wrote with a pen, were the words "For purchasers," of which the first was written with a pencil, and the second was in typewriting, except that a pencil had been used to add the final "s." The testimony of the appellant is that she gave no directions to have her husband joined with her as a purchaser, and that she did not observe the presence of their names in the memorandum of purchase which she executed. It is argued on her behalf that the names may have been inserted, and the other pencil additions made, after the paper was signed. The evidence does not support that theory, and the character of the trustee, who was a reputable member of the bar, is an assurance that

he conducted the transaction in accordance with what he understood to be the appellant's real intent.

The sale was reported and ratified as having been made to "William T. Lewis and Annie T. Lewis, his wife," the appellee and appellant, and the deed to them as tenants by the entirety was sent to Mr. Lewis by mail, and was read by Mrs. Lewis, as she admits, immediately upon its receipt. The delivery of the deed occurred in September, 1917, and the pending suit for its reformation was not begun until September, 1920. It was testified by Mrs. Lewis that she did not learn the real effect of the conveyance until she was advised of it by counsel, whom she consulted when her husband filed a bill for divorce against her in August, 1919. But the fact that she and her husband were both named as grantees was apparent to her when she examined the deed at the time of its delivery. In July, 1918, she caused the bank account, previously in her name alone, on which the checks for the purchase price of the property had been drawn, to be so entered as to be subject to either her own or her husband's order. After the purchase of the property, they occupied it together until their separation in May, 1919, as a result of marital difficulties. During that period the husband made substantial improvements to the premises at his own expense. According to his testimony, the purchase was made with money earned and owned by him, though deposited in a bank account kept in the name of his wife. He stated that the property was to be bought for him separately, and his wife was so instructed, but when he found that she had purchased it in their joint names, he made no objection.

The court below concluded that the money used in the purchase belonged to Mrs. Lewis, but that the proof failed to substantiate her alternative charges of fraud or mistake in reference to the deed sought to be reformed.

Much of the testimony was directed to the inquiry as to the origin of the funds deposited in the account on which the checks for the purchase price of the property conveyed by the deed were drawn. We do not consider it necessary to

discuss the evidence on that subject, since the appellant's claim to the ownership of the account was sustained. The proof tends to support that conclusion, and it also justifies the decision that the sale was reported and the deed was executed in pursuance of the appellant's voluntary action in buying the property for herself and husband, and not as the result of mistake or fraud.

It was competent for the appellant to make an effective gift to her husband by the use of her money in the purchase of property to be conveyed to them as tenants by the entirety, and such a gift will not be set aside if it was free from any fraud or undue influence. *Reed* v. *Reed,* 109 Md. 690. As reflecting upon the question as to whether the appellant intended to have the title conveyed to herself and her husband, there is the important fact that, with full knowledge as to the form of the granting clause, she made no objection to the deed for three years after its execution and until the separation we have mentioned had occurred. There is the further significant fact that, within the year following the acquisition of the property, the bank account from which the purchase money had been drawn was transferred to the appellant and appellee, with equal right of disposition. That account was later increased by deposits of money which unquestionably was furnished by the appellee, to the amount of more than half of the consideration of the deed, and the appellant received the benefit of such deposits to that extent by her withdrawal of the balance remaining at the time of her husband's application for a divorce. In thus placing his funds at his wife's disposal, in an account which was subject to her order as well as his own, the appellee was not acting as one who was inclined to practice a fraud upon his wife in regard to the use of her money. When their home in Montgomery County was purchased, their relations appear to have been harmonious. They had been married seven years, and they doubtless expected their union to continue through life. As Judge Peter said, in deciding the case below: "They were purchasing the property for their

permanent home. Considering the times, the investment was small. * * * The relation of the parties, the amount involved, the quality of the estate, forbid the inference that the defendant was scheming to cheat his wife. If his purpose was to get her money, he would not have selected such an indirect and uncertain means." The record fails to sustain the theory of the bill that there was a misapprehension on the part of the trustee who made and reported the sale and executed the deed, or that fraud was practiced by the appellee in the transaction, but the circumstances of the case strongly support the opposite conclusion.

*Decree affirmed, with costs.*